IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MITCHELL ALTER, | : |
| | :    Case No. 2:16-cv-785 |
| Plaintiff, | : |
| | :    **JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | :    Magistrate Judge Jolson |
| JAMES A. SCHAFER and PAINTER | : |
| & SCHAFER, | : |
| | : |
| Defendants. | : |

## **OPINION & ORDER**

Before the Court is the Motion to Transfer Venue, or Alternatively to Dismiss for Improper Venue and Lack of Personal Jurisdiction ("Motion") (Doc. 9) of Defendants James A. Schafer and Painter & Schafer (collectively, "Defendants"). For the reasons that follow, the Court **GRANTS in part** the Motion and **TRANSFERS** this case to the Southern District of Indiana.

### I.     BACKGROUND

Plaintiff Mitchell Alter is an attorney licensed and practicing throughout Ohio, with an office in Columbus, Ohio. (Compl., Doc. 6, at ¶ 1.)[1] Defendant James Schafer is an Indiana-licensed attorney and a partner at the law firm Painter & Schafer (also a Defendant) in Muncie, Indiana. (*Id.* at ¶¶ 2-3.)

According to the complaint and affidavits,[2] Plaintiff and Defendant met in 2005 as co-counsel on an Ohio motor vehicle fatality case involving Indiana residents. The case ended in a settlement, which Plaintiff and Defendants shared. Sometime thereafter, Plaintiff and

---

[1] Plaintiff drafted a three-page complaint. He only filed the first and third pages.

[2] As explained *infra*, the Court construes the facts in the light most favorable to Plaintiff.

Defendants agreed to "refer to each other cases in Ohio and Indiana, to assist each other's clients, assume joint responsibility, and share attorney's fees on those cases." (Alter Aff't, Doc. 10-1, at ¶ 4.) Schafer referred a case to Plaintiff in 2010, and Plaintiff paid Schafer one-third of the attorney's fees following that case's resolution in 2012.

In early 2011, Indiana residents Melissa and Kevin Curry contacted Plaintiff regarding a potential medical malpractice claim against an Indiana defendant. Because Plaintiff was not licensed to practice in Indiana, he advised the Currys that he would obtain local counsel in Indiana to assist, and recommended Schafer. He also advised the Currys that he would be available to consult with them, and that he would assume joint responsibility for the case. Plaintiff contacted Schafer to refer the case, and understood that Schafer would honor the fee-sharing arrangement they had made. This fee-sharing arrangement, as it related to the Currys' case, involved Plaintiff's referral of the case and availability to assist or consult, in exchange for one-third of any fee received. Defendants entered into a contingent fee arrangement with the Currys (but not with Plaintiff), and settled the case with the assistance of another Indiana-licensed attorney. Defendants received an attorney's fee award of $385,660.

Defendants did not pay Plaintiff his one-third share ($128,555, per the complaint) according to their alleged fee-sharing agreement. Defendants did, however, telephone Plaintiff in Ohio and "sen[d] numerous written communications to Ohio relating to the Curry matter and [their] fee-sharing agreement." (*Id.* ¶ 10.) Schafer "promised Defendants would abide by [their] agreement, but failed to do so." (*Id.* ¶ 12.)

Defendants filed their Motion to Transfer Venue, or Alternatively to Dismiss for Improper Venue and Lack of Personal Jurisdiction on August 16, 2016. (Doc. 9.) This motion is fully briefed and is ripe for review.

## II. STANDARD OF REVIEW

Defendant moves to transfer venue under Federal Rule of Civil Procedure 12(b)(3), or, alternatively, to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Under Federal Rule of Civil Procedure 12(b)(3), a party may move for dismissal of a case for improper venue. On such a motion, the plaintiff bears the burden of establishing that venue is proper. *Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*, No. 2:09-CV-271, 2010 WL 2925970, at *2 (W.D. Mich. July 21, 2010). The plaintiff's burden at this stage is to make a *prima facie* showing that venue is proper. *Zimmer Enters., Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 986 (S.D. Ohio 2007); *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-CV-977, 2009 WL 385611, at *25 (N.D. Ohio Feb. 13, 2009). If the Court decides that the motion to dismiss can be decided without an evidentiary hearing, it "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *J4 Promotions*, 2009 WL 385611, at *25 (quoting *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002)). The plaintiff must show that venue is "proper for each claim and as to each defendant in order for the court to retain the action." *Pioneer Surgical Tech.*, 2010 WL 2925970, at *2 (quoting *Verbis v. Iowa Dep't of Human Servs.*, 18 F. Supp. 2d 770, 774 (W.D. Mich. 1998)).

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When challenged, the plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant. *Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quotation omitted); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Where, as here, the court considers only the parties' written submissions, "the

plaintiff must make only a prima facie showing that personal jurisdiction exists." *Id.* The plaintiff can make this showing by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Opportunity Fund, LLC v. Epitome Systems, Inc.*, 912 F. Supp. 2d 531, 537-38 (S.D. Ohio 2012) (quoting *Neogen*, 282 F.3d at 887 (internal quotation marks omitted). The plaintiff may not, however, "rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavit or otherwise [,] ... specific facts showing the court has jurisdiction." *Serrus v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (quotation omitted). (quotation omitted).

The Court must then construe the pleadings and affidavits in the light most favorable to the nonmoving party—here, the plaintiff. *Beydoun*, 768 F.3d at 504. The Court may also accept as true uncontroverted factual assertions made by the defendant that are "consistent with the representations of the plaintiff." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997). The Court does not "weigh the controverting assertions of the party seeking dismissal." *Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531, 538 (S.D. Ohio 2012) (Marbley, J.).

### III. ANALYSIS

The Court's jurisdictional inquiry is layered. First, the Court determines whether venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 577 (2013). If venue in this district is "improper," then "the case must be dismissed or transferred under § 1406(a)." *Id.* If venue in this district is "proper," then the Court considers whether it may exercise personal jurisdiction over the defendants and whether to transfer the venue under § 1404(a). 28 U.S.C. § 1404(a).

### A. Venue in the Southern District of Ohio is improper

The propriety of venue is determined by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in federal district court in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of § 1391, a natural person resides "in the judicial district in which that person is domiciled," § 1391(c)(1), and an entity defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Even assuming that Painter & Schafer resides in this district for the purposes of this litigation, Schafer himself does not. Therefore, because all defendants are *not* residents of the Southern District of Ohio, § 1391(b)(1) cannot provide the basis for proper venue in this district. And § 1391(b)(3) applies only if there is *no* judicial district satisfying (b)(1) or (b)(2). Because all defendants *are* residents of the Southern District of Indiana for the purposes of personal jurisdiction,[3] § 1391(b)(3) does not apply. Therefore, venue is proper in the Southern District of Ohio only under § 1391(b)(2), if "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." § 1391(b)(2). Venue may be proper in more than one

---

[3] Painter & Schafer resides in the Southern District of Indiana. Trial Rule 4.4(A) contains Indiana's version of a long-arm statute, which limits the personal jurisdiction only over nonresidents of Indiana. Trial Rule 4.4(A). Painter & Schafer also has "continuous and systematic" contacts with Indiana such that jurisdiction in Indiana comports with the Due Process clause of the Fourteenth Amendment. *See LinkAmerica Corp. v. Cox*, 857 N.E.2d 961 (Ind. 2006).

district, but the requirement of "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Capitol Specialty Ins. Corp. v. Splash Dogs, LLC*, 801 F.Supp.2d 657, 672 (S.D. Ohio 2011)

In determining whether venue is proper under § 1391(b)(2) "in actions involving contract disputes, courts look to (1) where the contract was negotiated and executed, (2) where the contract was performed, and (3) where the alleged breach occurred." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 766 (S.D. Ohio 2014). Courts may also consider "where the effects of a defendant's alleged breach are experienced." *Id.* (citing *Sygnetics, Inc. v. Hops Int'l, Inc.*, No. 12-CV-14328, 2013 WL 1395806, at *3 (E.D. Mich. Jan. 17, 2008)).

As for the first factor, where the alleged fee-sharing contract was negotiated and executed, the record is silent. The second factor weighs in favor of the Defendants. Although Plaintiff performed his end of the contract (referral and availability) in Ohio and Defendants performed their part of the contract (handling the case and payment to Plaintiff, had they performed) in Indiana, Defendants' actions in handling the case constituted the bulk of the contractual performance. Although Defendants would not have had the case but for Plaintiff's referral, the Court must find that a "substantial part of the events or omissions giving rise to the claim occurred" in this district. And the only events occurring in Ohio were Plaintiff's referral and a few follow-up emails. While Plaintiff alleges he was available for consultation on the case, he did not actually do so. On the contrary, the vast majority of the contract's performance occurred in Indiana, because the case was litigated in Indiana with Indiana plaintiffs by Indiana attorneys, who received an attorney's fee (to which Plaintiff claims entitlement) in Indiana from Indiana defendants.

The third factor also weighs in favor of Defendants, because Defendants breached the fee-sharing agreement in Indiana. The effects of the alleged breach, however, were felt in Ohio, because Plaintiff, who is in Ohio, was not paid.

While Plaintiff is correct that venue may be proper in two or more districts, a case referral, minimal status update emails, and Plaintiff's desire to be paid in Ohio do not make Ohio a "substantial part of the events or omissions giving rise to the claim" of failure to pay attorney's fees earned and hoarded in Indiana. § 1391(b)(2). Therefore, venue in the Southern District of Ohio is improper.

### B. The Court will transfer this case to the Southern District of Indiana

Because venue in this district is improper under § 1391(b), then "the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S. Ct. at 577; 28 U.S.C. § 1406(a) (The Court may, in a "case laying venue in the wrong . . . district . . . dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The Court has "broad discretion in considering whether to dismiss or to transfer[.]" *Nsixty, LLC v. uPost Media, Inc.*, No. 1:17-cv-335, 2017 WL 3605368, at *3 (S.D. Ohio Aug. 22, 2017) (internal quotation omitted).

In light of the Court's preference for deciding cases on the merits, the Court finds that the interests of justice favor transfer rather than dismissal. The parties agree that both Defendants reside in that district, making venue therein proper under § 1391(b)(1). Therefore, the Court **TRANSFERS** this case to the Southern District of Indiana.[4]

---

[4] Because venue in this district is improper, the Court does not reach personal jurisdiction. The Court "need not have personal jurisdiction over defendants before transferring pursuant to [§ 1406]." *Jackson v. L& F Martin Landscape*, 421 F. App'x 482, (6th Cir. 2009) (citation omitted).

7

## IV. CONCLUSION

For the reasons stated above, the Court **TRANSFERS** this case to the Southern District of Indiana.

**IT IS SO ORDERED.**

                                              s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 20, 2017**